IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NORMAN L. MORIN,
    Petitioner,

vs.                                                  Case No.: 5:13cv183/MMP/EMT

MICHAEL CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer and relevant portions of the state court record (doc. 14). Petitioner filed a reply (doc. 19).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 14).[1] Petitioner was charged in the Circuit Court in and for Bay County, Florida, Case No. 2010-CF-0273, with one count of tampering with or fabricating evidence, a third degree felony (Count I), one count of possession of less than 20 grams of marijuana, a first degree

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 14). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

misdemeanor (Count II), and one count of possession of drug paraphernalia, a first degree misdemeanor (Count III) (Ex. B). Petitioner executed a written Plea, Waiver, and Consent ("Plea Agreement"), pursuant to which he agreed to enter a plea of no contest and be adjudicated guilty of the charges in exchange for a sentence of five (5) years of probation, with possible early termination of supervision after two (2) years (Ex. C). On April 7, 2010, the court accepted the plea and, in accordance with the terms of the Plea Agreement, adjudicated Petitioner guilty of tampering with evidence and placed him on probation for a period of five (5) years on Count I (Exs. C, D). The judgment was rendered on April 7, 2010, and the order of probation was rendered on April 12, 2010, nunc pro tunc to April 7, 2010 (Ex. D). Petitioner did not appeal the judgment.

On November 14, 2011, a Violation Report was filed, alleging Petitioner violated the terms of his probation by committing the criminal offense of driving without a valid driver's license and failing to complete public service hours as directed by his probation officer (Ex. E). On January 9, 2012, Petitioner executed a written Violation of Probation/Community Control Plea ("VOP Plea Agreement"), pursuant to which he admitted the VOP charge with the understanding that he would be sentenced to forty-two (42) days in jail, with pre-sentence credit of forty-two (42) days, his probation would be reinstated, and the conditions of his original probation reimposed (Ex. F). The court accepted the plea and entered an order of modification of probation in compliance with the terms of the VOP Plea Agreement (Ex. G). The order was rendered on January 17, 2012. Petitioner did not appeal.

On March 22, 2012, another Violation Report was filed, alleging Petitioner violated the terms of his probation by committing the criminal offense of battery (Ex. H). An amended report was filed adding an allegation that Petitioner also violated his probation by using intoxicants (alcohol) to excess (Ex. I). Petitioner wrote a letter to the presiding judge requesting leniency (Ex. J). An evidentiary hearing on the second VOP was held June 11, 2012, at which Petitioner was represented by counsel (Ex. K). At the conclusion of the hearing, the trial court found the allegations proven by a preponderance of the evidence and imposed sentence of twenty-eight (28) months in prison with credit for 125 days of time served (*id.*). The judgment was rendered on June 11, 2012, and the order of revocation of probation was rendered on June 20, 2012 nunc pro tunc to June 11, 2012 (Ex. L).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D12-3064 (Ex. M). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. N). Petitioner filed a pro se initial brief (Ex. P). The First DCA affirmed the judgment per curiam without written opinion on January 7, 2013, with the mandate issuing February 4, 2013 (Ex. Q). Morin v. State, 110 So. 3d 904 (Fla. 1st DCA 2013) (Table).

On August 28, 2012, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. R). He raised three claims challenging the validity of his 2010 plea on the original charge of tampering with or fabricating evidence (Exs. R, S). Petitioner subsequently amended his petition to include only one claim, that his 2010 plea to the tampering with or fabricating evidence charge was the result of defense counsel's inducing him to enter the plea without investigating the facts underlying the charge (Ex. T). In an order rendered on November 13, 2012, the state circuit court dismissed the motion as untimely (Ex. U). Petitioner appealed the decision to the First DCA, Case No. 1D13-533 (Exs. W, X). The First DCA affirmed the decision per curiam without written opinion on April 9, 2013, with the mandate issuing May 7, 2013 (Ex. Z). Morin v. State, 111 So. 3d 885 (Fla. 1st DCA 2013) (Table).

On January 22, 2013, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. AA). In an order rendered March 13, 2013, the state circuit court dismissed the motion for lack of jurisdiction (Ex. BB).

On May 13, 2013, Petitioner filed another Rule 3.800(a) motion (Ex. CC). The state circuit court summarily denied the motion in an order rendered August 13, 2013 (Ex. DD).

Petitioner filed the instant federal habeas action on May 13, 2013 (doc. 1). Respondent does not contest the timeliness of the petition (doc. 14 at 5).

II. STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody is in violation of the Constitution or laws . . . of the United States." It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the

petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the

---

[2] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[3] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding

---

[3] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in <u>McNair v. Campbell</u>, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" <u>McNair</u> [<u>v. Campbell</u>], 315 F. Supp. 2d at 1184 (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[4]

The Eleventh Circuit, prior to <u>Duncan</u>, had broadly interpreted the "fair presentation" requirement. After <u>Duncan</u>, however, the Eleventh Circuit has taken a more narrow approach. For example, in <u>Zeigler v. Crosby</u>, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and

---

[4] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." <u>McNair v. Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

Case No.: 5:13cv183/MMP/EMT

conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to

exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

III.  PETITIONER'S CLAIMS

Ground One: "Denial of procedural and substantive due process."

Ground Two: "Denial of effective assistance of counsel."

Petitioner contends he was denied effective assistance of counsel with regard to his April 7, 2010 plea (doc. 1 at 5–6).[5] He alleges counsel failed to adequately investigate the facts of the case, which resulted in counsel's misadvising Petitioner to enter a plea to the charge of tampering with or fabricating evidence, a third degree felony, when the facts actually demonstrated Petitioner committed only a misdemeanor offense (*id.*). Petitioner alleges if counsel had adequately investigated and provided competent legal advice, he would have rejected the plea offer (*id.*). Petitioner contends the state courts violated his due process rights under the Fifth and Fourteenth Amendments by dismissing his Rule 3.850 motion, in which he raised this ineffective assistance of counsel claim, as untimely (*id.*). Petitioner asserts under Florida law, the two-year time period for

---

[5] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

filing his Rule 3.850 motion did not commence until June 11, 2012, when he was sentenced to prison on the second VOP (*id.*). Petitioner contends the state court erroneously calculated the limitations period as commencing on May 7, 2010, when the judgment on the original charge became final (*id.*).

Respondent contends the state court rejected Petitioner's ineffective assistance of counsel claim on an independent and adequate state procedural bar, namely, the time bar set forth in Rule 3.850(b)(1) (doc. 14 at 14–19). Therefore, the claim is unexhausted (*id.*). Respondent further contends Petitioner may not now return to state court to exhaust this claim, because a second Rule 3.850 motion would be subject to dismissal as successive, pursuant to Rule 3.850(f) (*id.* at 16–17). With regard to Petitioner's due process claim, Respondent contends the claim is not cognizable in federal habeas, because it presents purely a state law issue (*id.* at 9–14).

In Petitioner's reply, he asserts the state court unreasonably applied the time limit of Rule 3.850(b)(1) (doc. 19 at 2–5). He argues the trial court's placing him on probation in 2010 did not constitute imposition of a sentence, therefore, he could not file a Rule 3.850 motion until his judgment and sentence became final, which was not until June 11, 2012, when the court revoked his probation and sentenced him to prison (*id.*). Petitioner contends the state court's unreasonable application of Rule 3.850(b)(1) constitutes "cause" for his procedural default of his ineffective assistance of counsel claim (*id.* at 5–6).

The state court record demonstrates that Petitioner raised his ineffective assistance of counsel claim as the sole ground for relief in his amended Rule 3.850 motion (Ex. T). The state court disposed of the motion as follows:

> On April 7, 2010, the Defendant entered a plea of no contest to Tampering with Evidence, Possession of Marijuana and Possession of Paraphernalia. (*See* Plea, Waiver and Consent.) The Defendant was sentenced to five (5) years of probation for his conviction of Tampering with Evidence. (*See* Order of Probation.) On March 22, 2012, an affidavit alleging a violation of probation was filed in this case based on a new law violation, and the Defendant was rearrested on March 27, 2012. (*See* VOP Affidavit; *see also* Warrant.) After an evidentiary hearing, the Court found that the Defendant had violated his probation and sentenced him to 28 months in the Department of Corrections. (*See* Judgement and Sentence.)
>
> The Defendant filed the instant motion, alleging that his first attorney was ineffective for misadvising him to accept the State's initial plea offer on April 7, 2010. The Defendant's motion is due to be dismissed, as his motion is untimely. A

> 3.850 motion is timely when filed within two years of the judgment and sentence becoming final. *See Booth v. State*, 14 So. 3d 291 (Fla. 1st DCA 2009). As the Defendant never directly appealed his conviction and probationary sentence, his judgment and sentence became final after expiration of the thirty day period for filing an appeal. *See Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988); *Ramos v. State*, 658 So. 2d 169 (Fla. 3d DCA 1995). As the Defendant was sentenced on April 7, 2010 for the purposes of his initial plea, the Defendant's 3.850 motions filed after May 7, 2012 are well outside of the two-year time limitation. In fact, the Defendant's correspondence on September 27, 2012 acknowledges that the two years to file a post conviction motion to attack his initial plea have passed.

(Ex. U). Petitioner appealed the decision to the First DCA (Ex. X). The First DCA affirmed the decision without written opinion (Ex. Z).

As previously discussed, this court will consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman, 501 U.S. at 734–35 & n.1; Caniff, 269 at 1247; Chambers, 150 F.3d at 1326–27. This court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert, 455 F.3d at 1271, that is, not applied in an "arbitrary or unprecedented fashion," Judd, 250 F.3d at 1313, or in a manifestly unfair manner. Ford, 498 U.S. at 424–25; Upshaw, 70 F.3d at 579.

Rule 3.850(b) provides, in relevant part:

> **(b) Time Limitations.** A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that
>
> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence, . . .

Fla. R. Crim. P. 3.850(b)(1).

In Petitioner's case, on April 7, 2010, the state court accepted his plea to the felony charge of tampering with or fabricating evidence and, in accordance with the terms of the Plea Agreement, adjudicated him guilty and placed him on probation for a period of five (5) years (Exs. C, D). The judgment was rendered on April 7, 2010, and the order of probation was rendered on April 12, 2010,

nunc pro tunc to April 7, 2010 (Ex. D). Petitioner's conviction and sentence became final under Florida law on Monday, May 10, 2010, upon expiration of Petitioner's 30-day period for filing an appeal of the judgment. *See* Gust v. State, 535 So. 2d 642, 643 (Fla. 1st DCA 1988); Ramos v. State, 658 So. 2d 169 (Fla. 3d DCA 1995); *see also* Fla. R. Crim. P. 3.040 (citing Fla. R. Jud. Admin. 2.514(a)(1) (when the period is stated in days, exclude the day of the event that triggers the period and include the last day of the period, but if the last day is a Saturday, the period continue to run until the end of the next day that is not a Saturday, Sunday, or legal holiday)).

Petitioner contends a probationary sentence is not a "sentence" for purposes of Rule 3.850(b)(1) (doc. 1 at 6; doc. 19 at 2–6). He contends he was thus unable to avail himself of Rule 3.850 until he was sentenced to prison on June 11, 2012 (*id.*). The Florida Supreme Court rejected this argument in State v. Bolyea, 520 So. 2d 562 (Fla. 1988), and held that Rule 3.850 is an appropriate vehicle for a defendant adjudicated guilty and sentenced to a term of probation to challenge his conviction or sentence. 520 So. 2d at 564. Further, Florida courts have consistently applied the two-year limitations period of Rule 3.850(b)(1) to defendants who were adjudicated guilty and sentenced to a term of probation. *See* Gusow v. State, 6 So. 3d 699, 703–06 (Fla. 4th DCA 2009); McFadden, *supra*; *see also* Gomez v. Sate, 126 So. 3d 444, 444–45 (Fla. 4th DCA 2013); Mortimer v. State, 96 So. 3d 1060, 1062 (Fla. 4th DCA 2012).

Thus, Petitioner had two years from May 10, 2010, to file a Rule 3.850 motion. *See* McFadden v. State, 904 So. 2d 570, 571 (Fla. 4th DCA 2005). Petitioner's motion, filed August 28, 2012, was filed outside the two-year time limit.[6] Therefore, the state court did not apply Rule 3.850(b)(1) in an arbitrary, unprecedented, or manifestly unfair manner.

Further, Petitioner failed to show cause for the procedural default and prejudice resulting therefrom, or a fundamental miscarriage of justice. Therefore, he failed to overcome the procedural default such that this federal habeas court may consider the merits of his challenge to his 2010 plea on grounds of ineffective assistance of counsel.

---

[6] Petitioner alleged in his Rule 3.850 motion that he did not discover the elements of the offense of tampering with or fabricating evidence until twenty-four (24) days after the two-year deadline for filing a Rule 3.850 motion expired (Ex. R at 8). He did not, however, allege facts suggesting the factual basis for his claim was unascertainable prior to the expiration of the two-year limitations period, or that he exercised due diligence in ascertaining the factual basis for his claim during the two-year window.

Case No.: 5:13cv183/MMP/EMT

To the extent Petitioner asserts a freestanding due process challenge to the state court's dismissal of his Rule 3.850 motion as untimely, the Eleventh Circuit has repeatedly held that alleged defects in state collateral proceedings do not provide a basis for habeas relief. *See* Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009) (citing Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam)). The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment—*i.e.*, the conviction itself—and thus habeas relief is not an appropriate remedy. *Id.* (citing Quince, 360 F.3d at 1261–62; Spradley, 825 F.2d at 1568). Moreover, such challenges often involve claims under state law—for example, Florida Rule of Criminal Procedure 3.850, which governs the availability of, and procedures attendant to, post-conviction proceedings in Florida—and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992). Therefore, Petitioner is not entitled to habeas relief on the due process claim asserted in Ground One.

IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case No.: 5:13cv183/MMP/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of February 2014.

        /s/ *Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**